UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DOUGLAS JAFAR PEEK,<br><br>Plaintiff,<br><br>v.<br><br>DIVERSIFIED CONSULTANTS, INC.,<br><br>Defendant. | Case No. 1:17-cv-01626-ODE-JFK |

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, DIVERSIFIED CONSULTANTS, INC.

Defendant Diversified Consultants, Inc. ("DCI") through undersigned counsel and pursuant to the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by Plaintiff, Douglas Jafar Peek ("Plaintiff"), and states:

### PRELIMINARY STATEMENT

DCI admits that Plaintiff purports to bring this action for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and

1

Georgia Fair Business Practices Act (GFBPA"), O.C.G.A. § 10-1-393, *et seq.*, but denies any and all liability, violations and/or damages to the extent alleged.

## JURISDICTION AND VENUE

1. DCI admits the allegations in ¶ 2 for jurisdictional purposes only.

2. DCI does not contest jurisdiction in this matter but denies the statements in ¶ 2 as written.

3. DCI admits the allegations in ¶ 3 for jurisdictional purposes only.

4. DCI admits the allegations in ¶ 4 for venue purposes only.

5. DCI admits the allegations in ¶ 5 for venue purposes only.

## PARTIES

6. DCI admits upon information and belief that Plaintiff is a natural person, but denies the remaining allegations in ¶ 6 for lack of knowledge or information sufficient to support belief therein.

7. DCI admits the allegations in ¶ 7.

8. The allegations in ¶ 8 constitute legal conclusions or statements of law to which no response is required. To the extent a response is required, DCI admits it engages in debt collection and debt-collection-related activities, including within the State of Georgia, and that when DCI acts as a "debt collector" as defined in the

FDCPA, its conduct may be subject to regulation by that statute. Except as specifically admitted, DCI denies the allegations in ¶ 8.

9. The allegations in ¶ 9 constitute a legal conclusion or statement of law to which no response is required. To the extent a response is required, DCI admits the allegations in ¶ 9.

10. DCI admits it placed calls to a phone number it reasonably believed to belong to Plaintiff in lawful attempts to collect a debt. Except as specifically admitted, DCI denies the allegations in ¶ 10.

11. DCI admits that its employees and/or agents placed calls to a number reasonably believed to belong to Plaintiff in lawful attempts to collect a debt. Except as specifically admitted, DCI denies the allegations in ¶ 11.

## FACTUAL ALLEGATIONS

12. DCI admits Comcast placed an account in Plaintiff's name, bearing a Comcast account number ending in -9675, with it for collection, and DCI made lawful attempts to collect this debt. Except as specifically admitted, DCI denies the allegations in ¶ 12.

13. Although the allegations in ¶ 13 constitute legal conclusions or statements of law to which no response is required, DCI admits the same upon information and belief.

14. DCI admits its records reflect a phone call to a number believed to belong to Plaintiff in October 2016 in a lawful attempt to collect a debt. Except as specifically admitted, DCI denies the allegations in ¶ 14.

15. DCI denies the allegations in ¶ 15.

16. DCI denies the allegations in ¶ 16.

17. DCI denies the allegations in ¶ 17 for lack of knowledge or information sufficient to support belief therein.

18. DCI denies the allegations in ¶ 18.

19. DCI denies the allegations in ¶ 19.

20. DCI denies the allegations in ¶ 20.

21. DCI admits it uses numerous originating phone numbers to place calls to phone numbers associated with its accounts. Except as specifically admitted, DCI denies the allegations in ¶ 21.

22. DCI admits it maintains accurate records of all relevant activity on its accounts, including call logs, account notes, and other records. Except as specifically admitted, DCI denies the allegations in ¶ 22.

23. DCI denies the allegations in ¶ 23.

24. DCI denies the allegations in ¶ 24.

25. DCI denies the allegations in ¶ 25.

26. DCI denies the allegations in ¶ 26.

27. DCI denies the allegations in ¶ 27.

28. DCI denies the allegations in ¶ 28.

29. DCI admits the allegations in ¶ 29.

30. DCI denies the allegations in ¶ 30.

31. DCI denies the allegations in ¶ 31 for lack of sufficient information or knowledge to support belief therein.

## COUNT I
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

32. DCI incorporates herein by reference as if copied *in extenso* its responses to each preceding paragraph of the Complaint.

33. DCI admits the allegations in ¶ 33 for jurisdictional purposes only.

34. DCI denies the allegations in ¶ 34.

35. DCI denies the allegations in ¶ 35.

36. DCI denies the allegations in ¶ 36.

37. DCI admits it is familiar with and abides by the legal requirements of the TCPA. Except as specifically admitted, DCI denies the allegations in ¶ 37.

DCI denies that Plaintiff is entitled to any of the relief sought or that any violation of the TCPA occurred.

## COUNT II

## **VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(5)**

38. DCI incorporates herein by reference as if copied *in extenso* its responses to each preceding paragraph of the Complaint.

39. DCI denies the allegations in ¶ 39.

40. DCI denies the allegations in ¶ 40.

41. DCI denies the allegations in ¶ 41.

DCI denies that Plaintiff is entitled to any of the relief sought or that any violation of the FDCPA occurred.

## **COUNT III**
## **VIOLATION OF THE GFBPA, O.C.G.A § 10-1-393(a)**

42. DCI incorporates herein by reference as if copied *in extenso* its responses to each and every preceding paragraph of the Complaint.

43. Paragraph 43 contains statements of law to which no response is required.

44. DCI denies the allegations in ¶ 44.

45. DCI denies the allegations in ¶ 45.

46. DCI denies the allegations in ¶ 46.

47. DCI denies the allegations in ¶ 47.

48. DCI denies the allegations in ¶ 48.

49. DCI denies the allegations in ¶ 49.

50. DCI denies the allegations in ¶ 50.

51. DCI admits it does not maintain a business office in the State of Georgia. Except as specifically admitted, DCI denies the allegations in ¶ 51.

52. DCI denies the allegations in ¶ 52.

53. DCI denies the allegations in ¶ 53.

54. DCI denies the allegations in ¶ 54.

55. DCI denies the allegations in ¶ 55.

56. DCI denies the allegations in ¶ 56.

DCI denies that Plaintiff is entitled to any of the relief sought or that any violation of O.C.G.A. § 10-1-393, *et seq.* occurred.

## **AFFIRMATIVE DEFENSES**

1. DCI denies any liability; however, regardless of liability, Plaintiff has suffered no actual damages as a result of DCI's purported violations.

2. Any harm suffered by Plaintiff was legally and proximately caused by persons or entities other than DCI, who were beyond the control or supervision of DCI or for whom DCI was and is not responsible or liable.

3. Plaintiff has failed to mitigate his damages, if any.

4. Plaintiff's claims are barred by the equitable doctrines of laches, estoppel and/or unclean hands.

5. Some or all of Plaintiff's claims are subject to a binding and enforceable arbitration agreement.

6. To the extent any violations are established, any such violations were not intentional and resulted from *bona fide* error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

7. One or more of the telephone calls made to Plaintiffs were not made to a wireless, i.e., cellular, telephone.

9. Plaintiffs consented and authorized calls to the phone number(s) in question.

10. The phone calls made to Plaintiff are exempt from TCPA liability under 47 U.S.C. § 227(b)(1)(B), 47 U.S.C.§ 227(b)(2)(b) and/or 47 C.F.R. § 64.1200(a).

11. The equipment used to make the telephone calls at issue is not covered by or subject to the TCPA.

12. To the extent plaintiff was not the subscriber of the cell phone at issue at the time of the calls, he has no standing to assert any related claim.

13. Plaintiff acquiesced in and/or consented to the acts and omissions alleged in the Complaint.

14. Plaintiff's alleged attempts to orally, unilaterally revoke consent to be called were not valid revocations of consent under the TCPA.

DCI reserves the right, subject to any scheduling order or limitations imposed by this Court, to amend this Answer and Affirmative Defenses as necessary through the course of litigation.

WHEREFORE, after due proceedings, Defendant Diversified Consultants, Inc., requests that the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

                          Respectfully submitted

                          */s/ Wendi E. Fassbender*
                          Wendi E. Fassbender, Esq.
                          GA Bar No. 179133
                          Sessions, Fishman, Nathan & Israel, L.L.C.
                          3001 Lookout Place, NE
                          Atlanta, GA 30305
                          Telephone: (678) 209-7492
                          Facsimile: (877) 480-5639
                          E-mail: wfassbender@sessions.legal

                          *Attorneys for Defendant,*
                          *Diversified Consultants, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2017, a true and correct copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

I additionally certify that the above-referenced document has been prepared in Times New Roman (14 point) font and this satisfies the font size requirements of this Court.

/s/ *Wendi E. Fassbender*
Wendi E. Fassbender, Esq.
GA Bar No. 179133
Sessions, Fishman, Nathan & Israel, L.L.C.

*Attorneys for Defendant, Diversified Consultants, Inc.*
